**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**July 16, 2021**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

LEGACY CHURCH, INC.,

    Plaintiff - Appellant,

v.

TRACIE C. COLLINS; STATE OF NEW
MEXICO,

    Defendants - Appellees.

------------------------------

AMERICANS UNITED FOR
SEPARATION OF CHURCH AND
STATE; ANTI-DEFAMATION LEAGUE;
REV. TALITHA ARNOLD, Senior
Minister, United Church of Santa Fe;
BEND THE ARC: A JEWISH
PARTNERSHIP FOR JUSTICE;
COVENANT NETWORK OF
PRESBYTERIANS; DISCIPLES
CENTER FOR PUBLIC WITNESS;
EQUAL PARTNERS IN FAITH; FIRST
CONGREGATIONAL UNITED
CHURCH OF CHRIST ALBUQUERQUE;
INTERFAITH ALLIANCE
FOUNDATION; KANSAS-OKLAHOMA
CONFERENCE, UNITED CHURCH OF
CHRIST; METHODIST FEDERATION
FOR SOCIAL ACTION; NATIONAL
COUNCIL OF THE CHURCHES OF
CHRIST IN THE USA;
RECONSTRUCTIONIST RABBINICAL
ASSOCIATION; REVERAND DR.
MARC IAN STEWART, Conference
Minister, Montana-Northern Wyoming
Conference, United Church of Christ;

No. 20-2117
(D.C. No. 1:20-CV-00327-JB-SCY)
(D. N.M.)

SOUTHWEST CONFERENCE OF THE
UNITED CHURCH OF CHRIST,

    Amici Curiae.

————————————————————

**ORDER AND JUDGMENT**[*]
————————————————————

Before **BACHARACH**, **EBEL**, and **McHUGH**, Circuit Judges.
————————————————————

Throughout the COVID-19 pandemic, the Secretary of the New Mexico Department of Health issued public health orders aimed at mitigating the spread of COVID by restricting mass gatherings as defined by those orders. These restrictions applied broadly, including, as of April 11, 2020, to houses of worship.[1] In response, Plaintiff-Appellant Legacy Church sued the State of New Mexico[2] and the Secretary, challenging the occupancy limitations as violating Legacy Church's constitutional rights under the Free Exercise and Freedom of Assembly Clauses.

After filing suit, Legacy Church requested a preliminary injunction prohibiting the Secretary from enforcing mass-gathering restrictions on places of worship. The Secretary responded and moved to dismiss for failure to state a claim. The district court denied Legacy Church's request for a preliminary injunction and granted the

————————

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] As of April 28, 2021, there are no longer any mandatory capacity restrictions on houses of worship in New Mexico.

[2] The district court previously dismissed New Mexico as a party under the Eleventh Amendment and that dismissal is not challenged in this appeal.

2

Secretary's motion to dismiss the case. It also declined to grant Legacy Church leave to amend its complaint on the grounds that amendment would be futile.

Legacy Church's Notice of Appeal refers to the July 13, 2020, district court order which both denied a preliminary injunction and dismissed the action. Although that order was very lengthy, addressing a number of different arguments, in its briefing and in oral argument, Legacy Church challenged only the district court's decision to deny its motion for a preliminary injunction, focusing almost entirely on the June 30, 2020, public health order under the Free Exercise Clause. Though Legacy Church briefly acknowledges the district court's dismissal of the action in its opening brief's jurisdictional statement, it is never mentioned again. Legacy Church does not argue that the dismissal was erroneous. Arguments not included in the opening brief are waived. U.S. v. Fisher, 805 F.3d 982, 991 (10th Cir. 2015) ("We cannot rule on those issues the appellant does not bring to our attention."). Further, Legacy Church admitted in oral argument that it does not appeal the district court's dismissal of the case. Oral Argument at 11:54–58.

Regardless of the merits of Legacy Church's arguments, a preliminary injunction must terminate when the action is terminated. Univ. of Tex. v. Camenisch, 451 U.S. 390, 395 (1981) ("The purpose of a preliminary injunction is merely to preserve the relative positions of the parties until a trial on the merits can be held."). As any arguments challenging the dismissal of the action have been waived, a discussion of the denial of a preliminary injunction would be purely

3

academic. We therefore decline to address the merits of Legacy Church's appeal in light of the dismissal and AFFIRM.

Entered for the Court

David M. Ebel
Circuit Judge